UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN O. SMITH,                          :
                                         :
            Plaintiff,                   :
                                         :
v.                                       :
                                         :
PRUDENTIAL INSURANCE COMPANY :          Case 1:21-cv-00121-MSM-LDA
OF AMERICA,                              :
                                         :
            Defendant.                   :

## LR Cv. 56(a)(1)(2) STATEMENT OF
## UNDISPUTED FACTS OF PLAINTIFF[1]

1.      Plaintiff ("Plaintiff" or "Mr. Smith") was before and at the time of the filing his

Complaint and Amended Complaint and is presently a citizen of only the State of Rhode Island.

Answer ¶ 1. (ECF 23).

2.      Defendant ("Defendant" or "Prudential") was at the time of the filing of the Complaint

and Amended Complaint a citizen of New Jersey and not a citizen of the State of Rhode Island.

Prudential is registered to do business and has engaged and engages in the business of insurance

in Rhode Island. Answer ¶¶ 2, 11. (ECF 23).

3.      The Honorable Court has subject matter jurisdiction over this civil action pursuant to 29

U.S.C. § 1101, et seq., 1132(a)(1) and(2), 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1); Answer

¶ 3. (ECF 23); Memorandum and Order 3 (ECF 19); Fed. R. Cv. P. 12 (h) ("Rule") (Prudential

did not raise and has not raised lack of subject matter or personal jurisdiction as a defense in its

dismissal motion (ECF 8) in its Answer (ECF 23) or in its summary judgment motion (ECF 31).

---

[1] Pursuant to LR Cv 56(a)(4) and (b), plaintiff references supporting documents, many of which are on file with the Court, and attaches relevant portions of certain documents which may be of more importance to the Court. Plaintiff employs Prudential's numbering system (using the last four (4) digits) and marks exhibits so that the marking is consistent with that used in plaintiff's other papers he is today filing.

4.     ¶The Court has personal jurisdiction over Prudential.  See paragraphs  and 3, above.

5.     In 2015, Mr. Smith suffered a marked decline in his cognitive abilities. Lahey Health Clinic Records ("Lahey Records") (0042-0069), Answer ¶ 40 (ECF 23).  Lahey Records and the Policy are part of the Prudential Claim File, numbered 0001-1206 ("Claim File"), filed with the Court on July 12, 2022 (ECF 29).

6.     Mr. Smith sought medical treatment from no less than three (3) medical doctors at the Lahey Health Clinic, including a board certified physician specialist in occupational medicine and a board certified neuropsychologist.  Answer ¶¶ 41-44, 47-48, 51-55, 61, 65, 73 (ECF 23); Lahey Records.  After examining Mr. Smith, the occupational medicine specialist concluded that Mr. Smith could not work and the neuropsychologist determined that he suffered mild cognitive impairment.  Lahey Records.

7.     Mr. Smith was/is an insured under a Prudential long-term disability ("LTD") insurance policy ("the Policy") issued by Prudential to the American Institute of Certified Public Accountant Insurance Trust ("AICPA"), pursuant to a Group Contract between Prudential and JP Morgan Chase Bank ("Chase Bank") ("Chase Bank Contract").  Answer ¶ 3 (ECF 23); Reply 3, (ECF 13); Dismissal Motion at 1 (ECF 8); Dismissal Memorandum at 1, 10-11 (ECF 8-1).  (The Chase Bank Contract is numbered by Prudential as 1156 to 1168 and the Policy 1169-1205.)  No other contract relating to the Policy was identified or produced by Prudential before it filed its summary judgment motion.  See Motion of Plaintiff to Strike and Preclude Consideration of the Declarations of Thomas, Singh, Morgan and Hoffer and New Evidence Submitted by Defendant in Support of its Motion for Summary Judgment, today being filed ("Motion to Strike').  Prudential did not amend or supplement its response to ¶ 3 of the Amended Complaint or supplement its Initial Disclosure (ECF 23); Docket; Rules 15(a)and(d) and 26I(1)(A).

8.     Prudential admits that the Policy is unambiguous.  Answer ¶ 8. (ECF 23).

9.    The Policy is underwritten and administered by Prudential who is obligated to pay LTD benefits to insureds, such as Mr. Smith, who are disabled per the Policy. Answer ¶¶ 3, 18, 19. (ECF 23); Policy (1187-1189, 1196-1203). (The Policy is part of the Claim File.)

10.    Prudential, as administrator, determines whether to pay Policy benefits.  Answer ¶¶ 3, ,8, 19. (ECF 23); Policy (1187-1189, 1196, 1203).

11.    In October 2015, Mr. Smith submitted a claim to Prudential because, as he submits, he is disabled due to the sickness of mild cognitive impairment, which claim was sent to an address in Philadelphia as instructed by Prudential (See Claim File, 0012). Answer ¶¶ 30, 71, 92, 140. (ECF 23).

12.    As of January 15, 2016, Prudential determined that Mr. Smith was eligible to receive LTD benefits under the Policy, i.e., is he was disabled under the Policy.  Dismissal Memorandum 1 (ECF 8-1); Answer ¶¶ 72, 105.

13.    To be considered disabled under the Policy, Mr. Smith had to establish that because of a sickness, he was not able to perform the material and substantial duties of his own occupation. Dismissal Memorandum at 3 (ECF 8-1); Answer ¶ 6; Policy (1185).

14.    Prudential paid Mr. Smith, a Rhode Island citizen/resident, his LTD benefits, sending him his disability benefit checks. Answer ¶ 7; Policy (1196).

15.    In 2018, Prudential hired a neuropsychologist to do only a medical record review ("file review'). The hired neuropsychologist did not examine Mr. Smith, although Prudential had the contractual right to have Mr. Smith examined at any time it wished. Answer ¶¶ 82, 85 Policy (1185, 1189); Fiano letter report of April 30, 2018 (0533-0544); letters ("Letters") of Prudential claim personnel to Mr. Smith of Jan. 5, 2016, and Nov. 18, 2018 ((0287, 0816). The Letters and the Policy are hereto attached collectively as Exhibit A.

3

16.    Based in part upon the opinion and analysis of the Prudential hired neuropsychologist, Prudential terminated plaintiff's LTD claim effective May 3, 2018. Answer ¶ 86 (ECF 23).

17.    Prudential ceased paying Mr. Smith his LTD benefits as of May 3, 2018, and has refused and continues to refuse to pay Mr. Smith his LTD benefits.  Answer ¶¶ 6-7, 72, 86, 105 (ECF 23).

18.    Mr. Smith undertook the appeal process provided in the Policy.  Answer ¶¶ 111, 136. (ECF 23).

19.    Prudential again hired a doctor and yet another neuropsychologist and instructed them to conduct only file reviews, which they did.  Neither examined nor tested Mr. Smith.  Answer ¶¶ 114-116, 120. (ECF 23).

20.    By final denial letter of August 28, 2019 (1118-1123), Prudential informed Mr. Smith that it was denying his claim, would not pay him his LTD benefits and that this was a final decision.  Answer ¶ 141 (ECF 23).

21.    ERISA and the relevant regulations mandate that a final denial letter "must notify the claimant [Mr. Smith] of the right to bring a civil action and the date by which the action must be brought." Memorandum and Order slip. Op. at 5 (ECF 19) (emphasis in original); Reply 6-7 (ECF 13).

22.    Prudential admits that its final denial letter did not do so and the Court found that "…it is indisputable that [Prudential] did not inform Mr. Smith of the date by which …[his] civil action had to be filed." Memorandum and Order (ECF 19) slip. Op. at 5.

23    On March 12, 2021, Mr. Smith filed his Complaint (ECF 1) and, on March 29, 2021, his Amended Complaint (ECF 5).

24.    Prudential filed its Answer (ECF 23) on November 2, 2021.

25.    Prudential did not amend or supplement its Answer. Rule 15(a) and (d); Docket.

26.    By this civil action, Mr. Smith seeks to enforce his rights under the Policy to be paid his LTD benefits.  Answer ¶¶ 3, 71.

27.    The only parties named in the pleadings and the only parties in this case are Mr. Smith and Prudential. Answer (ECF 23); Docket.

28.    Neither AICPA nor any bank is a party to this lawsuit.  Answer (ECF 23); Docket.

29.    Prudential has not moved to join any person, natural or artificial, as a party to this civil action and no person has moved to intervene. Docket; Rules 19-20.

30.    No person, natural or artificial, has moved to intervene in this civil action. Docket; Rule 22.

31.    Prudential has conducted and conducts the business of insurance in Rhode Island. Answer ¶ 2.

32.    Prudential is subject to Regulations by the State of Rhode Island.  Rhode Island Department of Business Regulation, Insurance Division Website dbr.gov; R.I.G.L. 21-2-1, et seq

33.    Left blank intentionally.

34.    Prudential did not raise as a Rule 12 defense failure to join a party in its Motion to Dismiss (ECF 8 and 8-1) or in its Motion for Summary Judgment (ECF 31). Rule 12(b)(7).

35.    Prudential served its Initial Disclosure on December 29, 2021, Exhibit B.  Defendant never supplemented or amended its Initial Disclosure. See Rule 26(e)(1)(A); Plaintiff's Motion to Strike.

36.    Plaintiff served a Request for Production of Documents on December 29, 2021, to which defendant served a Response on January 24, 2022, Exhibit C, and a Supplemental Response on June 29, 2022, Exhibit D.  Prudential's Supplemental Response was  served over six (6) months

after the document request was served and but thirteen (13) days before it filed its summary judgment motion.

37.    As part of its original production, defendant produced the contract between it and Chase Bank ("Chase Bank Contract") (1155-1168). Prudential cited the Chase Bank Contract in its dismissal papers in support of its position for the application of New York law. Dismissal Memorandum 10-11 (ECF 8-37). At no time before it filed its summary judgment motion did Prudential produce the contract between AICPA and Mellon Bank (Exhibits C and D)  reference it in its answers to interrogatories, Exhibits E and F, or advise that the Chase Bank Contract was not the correct one.  See plaintiff's Motion to Strike herein incorporated.

38.    On May 2, 2021, defendant filed a Motion to Dismiss (ECF 8) which did not challenge the sufficiency of the Amended Complaint to state a plausible claim, but, rather, only rested on two (2) questions of law, one being the affirmative defense of the Policy limitation period provision.  It is this defense and this defense only that Prudential presses in its summary judgment motion.  Memorandum and Order 1 (ECF 19).

39.    Plaintiff served his Interrogatories on March 29, 2022, to which, on March 14, 2022, defendant served a Response, Exhibit E, and a Supplemental Response on July 14, 2022, Exhibit F, three (3) days after it filed its summary judgment motion.

40.    By its Memorandum and Order of October 7, 2021 (ECF 19), the Honorable Court denied defendant's dismissal motion, explaining that as to the limitation affirmative defense "there are not sufficient facts...to establish...it with certitude." slip. op. at 8.

41.    The Policy limitation period provides that an insured "can start legal action regarding your...claim...up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." Policy (1196). (emphasis added).

42.    Prudential in its Instructions to its disability claim personnel states that "[ERISA] and the regulations issued thereunder, is a significant Federal law."  Instructions (1546, 1543) Exhibit G.

43.    In those same Instructions Exhibit G, although Prudential observed that ERISA does not control non-employee benefit plans (the type of plan it contends is at issue in this case), it mandates  that the procedures established by ERISA and the regulations promulgated thereunder are to "apply...to both ERISA controlled cases, and to non-ERISA cases." (1546, 1542 – 1543) (emphasis added). Prudential then emphasized that "compliance with ERISA guidelines on all plans is consistent with Prudential's group claim philosophy."  Instructions (1546, 1542-1543) Exhibit G (emphasis added).

44.    The choice-of-law provision in the Chase Bank Contract provides that it "is governed by the law of the Governing Jurisdiction". Chase Bank Contract (1156-1157). (Plaintiff cites to this Contract because Prudential admitted in ¶ 3 of it Answer that this is the controlling contract, (See paragraph 7, above)

45.    The Chase Bank Contract's choice-of-law provision does not identify a statute of limitation. Chase Bank Contract(1156-1157).

46.    Under the Policy, Prudential has the contractual right to have Mr. Smith undergo medical/neuropsychological examinations and/or be interviewed at any time it wishes.  There is no limitation in the Policy as to when Prudential may insist Mr. Smith undergo such examinations/interviews or when it may terminate an insured's disability claim. Exhibit A, Policy (1185, 1189); Letters of Prudential disability claim personal to Mr. Smith of January 15, 2016 (0246-0247) and November 13, 2018 (0804-0817). Exhibit A.

47.    If Mr. Smith did not agree to be so examined/interviewed, Prudential had the contractual right to cease paying him his LTD benefits and terminate his claim at any time it wished. Exhibit A.

Plaintiff,

Brian Smith,
by his attorney,

/s/ George E. Lieberman
George E. Lieberman, Esq. (#3860)
Of Counsel
GIANFRANCESCO & FRIEDEMANN, LLP
214 Broadway
Providence, Rhode Island 02903
Tel:(401) 533-9305
Fax:(401) 270-0074
george@gianfrancescolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August 2022, I served this document on counsel of record through the electronic filing system. The document electronically served is available for viewing and/or downloading from the ECF system.

/s/ George E. Lieberman
George E. Lieberman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN O. SMITH,                          :
                                         :
            Plaintiff,                   :
                                         :
v.                                       :
                                         :
PRUDENTIAL INSURANCE COMPANY  :          Case 1:21-cv-00121-MSM-LDA
OF AMERICA,                              :
                                         :
            Defendant.                   :

## LR Cv. 56(a)(1)(2) STATEMENT OF
## UNDISPUTED FACTS OF PLAINTIFF[1]

1.      Plaintiff ("Plaintiff" or "Mr. Smith") was before and at the time of the filing his

Complaint and Amended Complaint and is presently a citizen of only the State of Rhode Island.

Answer ¶ 1. (ECF 23).

2.      Defendant ("Defendant" or "Prudential") was at the time of the filing of the Complaint

and Amended Complaint a citizen of New Jersey and not a citizen of the State of Rhode Island.

Prudential is registered to do business and has engaged and engages in the business of insurance

in Rhode Island. Answer ¶¶ 2, 11. (ECF 23).

3.      The Honorable Court has subject matter jurisdiction over this civil action pursuant to 29

U.S.C. § 1101, et seq., 1132(a)(1) and(2), 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1); Answer

¶ 3. (ECF 23); Memorandum and Order 3 (ECF 19); Fed. R. Cv. P. 12 (h) ("Rule") (Prudential

did not raise and has not raised lack of subject matter or personal jurisdiction as a defense in its

dismissal motion (ECF 8) in its Answer (ECF 23) or in its summary judgment motion (ECF 31).

---

[1] Pursuant to LR Cv 56(a)(4) and (b), plaintiff references supporting documents, many of which are on file with the Court, and attaches relevant portions of certain documents which may be of more importance to the Court. Plaintiff employs Prudential's numbering system (using the last four (4) digits) and marks exhibits so that the marking is consistent with that used in plaintiff's other papers he is today filing.

4.    ¶The Court has personal jurisdiction over Prudential. See paragraphs  and 3, above.

5.    In 2015, Mr. Smith suffered a marked decline in his cognitive abilities. Lahey Health Clinic Records ("Lahey Records") (0042-0069), Answer ¶ 40 (ECF 23). Lahey Records and the Policy are part of the Prudential Claim File, numbered 0001-1206 ("Claim File"), filed with the Court on July 12, 2022 (ECF 29).

6.    Mr. Smith sought medical treatment from no less than three (3) medical doctors at the Lahey Health Clinic, including a board certified physician specialist in occupational medicine and a board certified neuropsychologist. Answer ¶¶ 41-44, 47-48, 51-55, 61, 65, 73 (ECF 23); Lahey Records. After examining Mr. Smith, the occupational medicine specialist concluded that Mr. Smith could not work and the neuropsychologist determined that he suffered mild cognitive impairment. Lahey Records.

7.    Mr. Smith was/is an insured under a Prudential long-term disability ("LTD") insurance policy ("the Policy") issued by Prudential to the American Institute of Certified Public Accountant Insurance Trust ("AICPA"), pursuant to a Group Contract between Prudential and JP Morgan Chase Bank ("Chase Bank") ("Chase Bank Contract"). Answer ¶ 3 (ECF 23); Reply 3, (ECF 13); Dismissal Motion at 1 (ECF 8); Dismissal Memorandum at 1, 10-11 (ECF 8-1). (The Chase Bank Contract is numbered by Prudential as 1156 to 1168 and the Policy 1169-1205.) No other contract relating to the Policy was identified or produced by Prudential before it filed its summary judgment motion. See Motion of Plaintiff to Strike and Preclude Consideration of the Declarations of Thomas, Singh, Morgan and Hoffer and New Evidence Submitted by Defendant in Support of its Motion for Summary Judgment, today being filed ("Motion to Strike'). Prudential did not amend or supplement its response to ¶ 3 of the Amended Complaint or supplement its Initial Disclosure (ECF 23); Docket; Rules 15(a)and(d) and 26I(1)(A).

8.    Prudential admits that the Policy is unambiguous. Answer ¶ 8. (ECF 23).

9.    The Policy is underwritten and administered by Prudential who is obligated to pay LTD benefits to insureds, such as Mr. Smith, who are disabled per the Policy. Answer ¶¶ 3, 18, 19. (ECF 23); Policy (1187-1189, 1196-1203). (The Policy is part of the Claim File.)

10.    Prudential, as administrator, determines whether to pay Policy benefits.  Answer ¶¶ 3, ,8, 19. (ECF 23); Policy (1187-1189, 1196, 1203).

11.    In October 2015, Mr. Smith submitted a claim to Prudential because, as he submits, he is disabled due to the sickness of mild cognitive impairment, which claim was sent to an address in Philadelphia as instructed by Prudential (See Claim File, 0012). Answer ¶¶ 30, 71, 92, 140. (ECF 23).

12.    As of January 15, 2016, Prudential determined that Mr. Smith was eligible to receive LTD benefits under the Policy, i.e., is he was disabled under the Policy.  Dismissal Memorandum 1 (ECF 8-1); Answer ¶¶ 72, 105.

13.    To be considered disabled under the Policy, Mr. Smith had to establish that because of a sickness, he was not able to perform the material and substantial duties of his own occupation. Dismissal Memorandum at 3 (ECF 8-1); Answer ¶ 6; Policy (1185).

14.    Prudential paid Mr. Smith, a Rhode Island citizen/resident, his LTD benefits, sending him his disability benefit checks. Answer ¶ 7; Policy (1196).

15.    In 2018, Prudential hired a neuropsychologist to do only a medical record review ("file review'). The hired neuropsychologist did not examine Mr. Smith, although Prudential had the contractual right to have Mr. Smith examined at any time it wished. Answer ¶¶ 82, 85 Policy (1185, 1189); Fiano letter report of April 30, 2018 (0533-0544); letters ("Letters") of Prudential claim personnel to Mr. Smith of Jan. 5, 2016, and Nov. 18, 2018 ((0287, 0816). The Letters and the Policy are hereto attached collectively as Exhibit A.

3

16.    Based in part upon the opinion and analysis of the Prudential hired neuropsychologist, Prudential terminated plaintiff's LTD claim effective May 3, 2018. Answer ¶ 86 (ECF 23).

17.    Prudential ceased paying Mr. Smith his LTD benefits as of May 3, 2018, and has refused and continues to refuse to pay Mr. Smith his LTD benefits.  Answer ¶¶ 6-7, 72, 86, 105 (ECF 23).

18.    Mr. Smith undertook the appeal process provided in the Policy.  Answer ¶¶ 111, 136. (ECF 23).

19.    Prudential again hired a doctor and yet another neuropsychologist and instructed them to conduct only file reviews, which they did.  Neither examined nor tested Mr. Smith.  Answer ¶¶ 114-116, 120. (ECF 23).

20.    By final denial letter of August 28, 2019 (1118-1123), Prudential informed Mr. Smith that it was denying his claim, would not pay him his LTD benefits and that this was a final decision.  Answer ¶ 141 (ECF 23).

21.    ERISA and the relevant regulations mandate that a final denial letter "must notify the claimant [Mr. Smith] of the right to bring a civil action <u>and</u> the date by which the action must be brought." Memorandum and Order <u>slip. Op.</u> at 5 (ECF 19) (emphasis in original); Reply 6-7 (ECF 13).

22.    Prudential admits that its final denial letter did not do so and the Court found that "…it is indisputable that [Prudential] did not inform Mr. Smith of the date by which …[his] civil action had to be filed." Memorandum and Order (ECF 19) <u>slip. Op.</u> at 5.

23    On March 12, 2021, Mr. Smith filed his Complaint (ECF 1) and, on March 29, 2021, his Amended Complaint (ECF 5).

24.    Prudential filed its Answer (ECF 23) on November 2, 2021.

25.    Prudential did not amend or supplement its Answer. Rule 15(a) and **(d)**; Docket.

26.     By this civil action, Mr. Smith seeks to enforce his rights under the Policy to be paid his LTD benefits.  Answer ¶¶ 3, 71.

27.     The only parties named in the pleadings and the only parties in this case are Mr. Smith and Prudential. Answer (ECF 23); Docket.

28.     Neither AICPA nor any bank is a party to this lawsuit.  Answer (ECF 23); Docket.

29.     Prudential has not moved to join any person, natural or artificial, as a party to this civil action and no person has moved to intervene. Docket; Rules 19-20.

30.     No person, natural or artificial, has moved to intervene in this civil action. Docket; Rule 22.

31.     Prudential has conducted and conducts the business of insurance in Rhode Island. Answer ¶ 2.

32.     Prudential is subject to Regulations by the State of Rhode Island.  Rhode Island Department of Business Regulation, Insurance Division Website dbr.gov; R.I.G.L. 21-2-1, et seq

33.     Left blank intentionally.

34.     Prudential did not raise as a Rule 12 defense failure to join a party in its Motion to Dismiss (ECF 8 and 8-1) or in its Motion for Summary Judgment (ECF 31). Rule 12(b)(7).

35.     Prudential served its Initial Disclosure on December 29, 2021, Exhibit B.  Defendant never supplemented or amended its Initial Disclosure. See Rule 26(e)(1)(A); Plaintiff's Motion to Strike.

36.     Plaintiff served a Request for Production of Documents on December 29, 2021, to which defendant served a Response on January 24, 2022, Exhibit C, and a Supplemental Response on June 29, 2022, Exhibit D.  Prudential's Supplemental Response was  served over six (6) months

5

after the document request was served and but thirteen (13) days before it filed its summary judgment motion.

37.    As part of its original production, defendant produced the contract between it and Chase Bank ("Chase Bank Contract") (1155-1168). Prudential cited the Chase Bank Contract in its dismissal papers in support of its position for the application of New York law. Dismissal Memorandum 10-11 (ECF 8-37). At no time before it filed its summary judgment motion did Prudential produce the contract between AICPA and Mellon Bank (Exhibits C and D)  reference it in its answers to interrogatories, Exhibits E and F, or advise that the Chase Bank Contract was not the correct one.  See plaintiff's Motion to Strike herein incorporated.

38.    On May 2, 2021, defendant filed a Motion to Dismiss (ECF 8) which did not challenge the sufficiency of the Amended Complaint to state a plausible claim, but, rather, only rested on two (2) questions of law, one being the affirmative defense of the Policy limitation period provision.  It is this defense and this defense only that Prudential presses in its summary judgment motion.  Memorandum and Order 1 (ECF 19).

39.    Plaintiff served his Interrogatories on March 29, 2022, to which, on March 14, 2022, defendant served a Response, Exhibit E, and a Supplemental Response on July 14, 2022, Exhibit F, three (3) days after it filed its summary judgment motion.

40.    By its Memorandum and Order of October 7, 2021 (ECF 19), the Honorable Court denied defendant's dismissal motion, explaining that as to the limitation affirmative defense "there are not sufficient facts…to establish…it with certitude." slip. op. at 8.

41.    The Policy limitation period provides that an insured "can start legal action regarding your…claim…up to 3 years from the time proof of claim is required, unless otherwise provided under federal law." Policy (1196). (emphasis added).

42.    Prudential in its Instructions to its disability claim personnel states that "[ERISA] and the regulations issued thereunder, is a significant Federal law." Instructions (1546, 1543) Exhibit G.

43.    In those same Instructions Exhibit G, although Prudential observed that ERISA does not control non-employee benefit plans (the type of plan it contends is at issue in this case), it mandates that the procedures established by ERISA and the regulations promulgated thereunder are to "apply...to both ERISA controlled cases, and to non-ERISA cases." (1546, 1542 - 1543) (emphasis added). Prudential then emphasized that "compliance with ERISA guidelines on all plans is consistent with Prudential's group claim philosophy." Instructions (1546, 1542-1543) Exhibit G (emphasis added).

44.    The choice-of-law provision in the Chase Bank Contract provides that it "is governed by the law of the Governing Jurisdiction". Chase Bank Contract (1156-1157). (Plaintiff cites to this Contract because Prudential admitted in ¶ 3 of it Answer that this is the controlling contract, (See paragraph 7, above)

45.    The Chase Bank Contract's choice-of-law provision does not identify a statute of limitation. Chase Bank Contract(1156-1157).

46.    Under the Policy, Prudential has the contractual right to have Mr. Smith undergo medical/neuropsychological examinations and/or be interviewed at any time it wishes. There is no limitation in the Policy as to when Prudential may insist Mr. Smith undergo such examinations/interviews or when it may terminate an insured's disability claim. Exhibit A, Policy (1185, 1189); Letters of Prudential disability claim personal to Mr. Smith of January 15, 2016 (0246-0247) and November 13, 2018 (0804-0817). Exhibit A.

47.    If Mr. Smith did not agree to be so examined/interviewed, Prudential had the contractual right to cease paying him his LTD benefits and terminate his claim at any time it wished. Exhibit A.

7

Plaintiff,

Brian Smith,
by his attorney,

/s/ George E. Lieberman
George E. Lieberman, Esq. (#3860)
Of Counsel
GIANFRANCESCO & FRIEDEMANN, LLP
214 Broadway
Providence, Rhode Island 02903
Tel:(401) 533-9305
Fax:(401) 270-0074
george@gianfrancescolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of  August 2022, I served this document on counsel of record through the electronic filing system.  The document electronically served is available for viewing and/or downloading from the ECF system.

/s/ George E. Lieberman
George E. Lieberman

8

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2022, I served this document on counsel of record through the electronic filing system. The document electronically served is available for viewing and/or downloading from the ECF system.

/s/ George E. Lieberman
George E. Lieberman

# EXHIBIT A

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that, due to your *sickness* or *injury*:

- you are unable to perform, for wage or profit, the *material and substantial duties* of your *own occupation*;

- you are under the *regular care* of a *doctor*; and

- you are not working at any job for wage or profit.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:

- your doctors; and

- doctors, other medical practitioners or vocational experts of our choice.

When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your own occupation; and

- cannot be reasonably omitted or modified.

*Own occupation* means the occupation you are routinely performing when your disability occurs.

*Sickness* means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that:

- is the direct result of an accident;

- is not related to any cause other than the accident; and

- results in immediate disability.

Disability must begin while you are covered under the plan.

83500
CBI-LTD-10067

(16430-29)

PRU 077212-002759-001185

We will stop sending you payments and your claim will end on the earliest of the following:

1.    The end of the maximum period of payment.

2.    The date you are no longer disabled under the terms of the plan.

3.    The date you fail to submit proof of continuing disability satisfactory to Prudential.

4.    The date you refuse to be examined by doctors, other medical practitioners or vocational experts of our choice.

5.    The date you refuse to be interviewed by an authorized Prudential Representative.

6.    The date your disability earnings exceed the amount allowable under the plan.

7.    The date you die.

**Maximum period of payment** means the longest period of time Prudential will make payments to you for any one period of disability.

## What Disabilities Have a Limited Pay Period Under Your Plan?

If you are a Class 2 participant and have a disability which, as determined by Prudential, is due in whole or part to **mental illness**, there is a limited pay period during your lifetime.

The limited pay period for mental illness is 60 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 60 month period if you meet one or both of these conditions:

1.    If you are **confined** to a **hospital or institution** at the end of the 60 month period, Prudential will continue to send you payments during your **confinement**.

       If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

       If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2.    In addition to item 1, if, after the 60 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

83500
CBI-LTD-10067

(16430-29)

PRU 077212-002759-001189

## Long Term Disability Policy Provisions

### How Does Prudential Define Disability?

You are disabled when Prudential determines that due to your *sickness* or *injury*:

- you are unable to perform, for wage or profit, the *material and substantial duties* of your *own occupation;*

- you are under the *regular care* of a *doctor*; and

- you are not working at any job for wage or profit.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:

- your doctors; and

- doctors, other medical practitioners or vocational experts of our choice.

When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim.

**Material and substantial duties** means duties that:

- are normally required for the performance of your own occupation; and

- cannot be reasonably omitted or modified.

**Own occupation** means the occupation you are performing when your disability occurs.

PRU 077212-002759-000247

## Long Term Disability Policy Provisions

### "How Does Prudential Define Disability?

You are disabled when Prudential determines that due to your *sickness* or *injury*:

- you are unable to perform for wage or profit the *material and substantial duties* of your *own occupation;*

- you are under the *regular care* of a *doctor*; and

- you are not working at any job for wage or profit.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:

- your doctors; and

- other medical practitioners or vocational experts of our choice.

When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations. We can require examinations as often as it is reasonable to do so. We may also require you to be interviewed by an authorized Prudential Representative. Refusal to be examined or interviewed may result in denial or termination of your claim."

"*Material and substantial duties* means duties that:

- are normally required for the performance of your own occupation; and

- cannot be reasonably omitted or modified."

"*Own occupation* means the occupation you are performing when your disability occurs."

### "What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

- That you are under the *regular care* of a *doctor*.

- Appropriate documentation of your monthly earnings.

- Appropriate documentation that you are not working at any job during the elimination period for your Long Term Disability claim.

- The date your disability began.

- Appropriate documentation of the disabling disorder

- The extent of your disability, including restrictions and limitations preventing you from performing your own occupation.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

BRIAN SMITH,

          Plaintiff,

    v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

          Defendant.

Case No. 1:21-cv-00121-MSM-LDA

### DEFENDANT'S RULE 26(A)(1) INITIAL DISCLOSURES

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits the following initial disclosures. These disclosures represent information reasonably known and available at this time and are subject to Prudential's ongoing investigation.

By providing any information pursuant to any provision of Fed. R. Civ. P. 26(a)(1), Prudential does not concede the materiality of the subject to which it refers. Prudential's initial disclosures are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding including the trial of this action or any subsequent proceeding. By identifying categories of documents or information, Prudential in no way waives or intends to waive any privilege that may apply to any document or item of information within those categories.

Prudential's investigation of the claims, potential counterclaims, and defenses in this matter is continuing. Prudential therefore reserves the right to supplement these disclosures at a

future date. Prudential also reserves the right to use at trial witnesses and/or documents not identified herein but subsequently identified during discovery.

### A.    Persons With Knowledge

The following individuals, in addition to Plaintiff and anyone listed in Plaintiff's Rule 26(a) Initial Disclosures, are likely to have discoverable information that Prudential may use to support its defenses, excluding evidence solely for impeachment:.

1.    Kelly Crocker, Disability Claims Analyst, Prudential, may have knowledge of facts related to the termination of Plaintiff's claim, Prudential's claim handling, and the applicable terms of the Group Policy GZ-14273.

2.    Stephen Dube, Director, Research Services, Prudential, may have knowledge of facts related to the termination of Plaintiff's claim, Prudential's claim handling, and the applicable terms of the Group Policy GZ-14273.

3.    Kevin Carder, Appeals Specialist, Prudential, may have knowledge of facts related to Plaintiff's administrative appeal, Prudential's appeal review, and the applicable terms of the Group Policy GZ-14273.

4.    Joseph Walles, Complex Senior Appeals Analyst, Prudential, may have knowledge of facts related to Plaintiff's administrative appeal, Prudential's appeal review, and the applicable terms of the Group Policy GZ-14273.

5.    Jennifer Danforth, Manager, Disability Claims, Prudential, may have knowledge of facts related to Plaintiff's administrative appeal, Prudential's appeal review, and the applicable terms of the Group Policy GZ-14273.

6.    Jonathan Mittelman, M.D., VP and Medical Director, Prudential, may have knowledge of facts related to Plaintiff's alleged medical conditions and Prudential's evaluation of the same.

7.    Kevin Hayes, M.D., VP and Medical Director, Prudential, may have knowledge of facts related to Plaintiff's alleged medical conditions and Prudential's evaluation of the same.

8.    Tina Sturgess, R.N., Senior Quality Review Specialist, Prudential, may have knowledge of facts related to Plaintiff's alleged medical conditions and Prudential's evaluation of the same.

9.    Milton Jay, M.D., former VP and Medical Director, Prudential, may have knowledge of facts related to Plaintiff's alleged medical conditions and Prudential's evaluation of the same. Dr. Jay's last known address is in care of Prudential.

77953980v.3

10.    Edward Collins, M.D., former VP and Medical Director, Prudential, may have knowledge of facts related to Plaintiff's alleged medical conditions and Prudential's evaluation of the same. Dr. Collin's last known address is in care of Prudential.

11.    Kristin Fiano, Ph.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and whether Plaintiff has any medically necessary restrictions or limitations as a result of the same.  Dr. Fiano may be contacted through PsyBar LLC, 6600 France Avenue, South, Suite 640, Minneapolis, Minnesota 55435, 952-285-9000.

12.    Glen Getz, Ph.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and whether Plaintiff has any medically necessary restrictions or limitations as a result of the same.  Dr. Getz may be contacted through R3 Continuum, 7825 Washington Ave S., Suite 500, Bloomington, MN 55439, 952-927-0184.

13.    David Lang, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and whether Plaintiff has any medically necessary restrictions or limitations as a result of the same.  Dr. Lang may be contacted through R3 Continuum, 7825 Washington Ave S., Suite 500, Bloomington, MN 55439, 952-927-0184.

14.    Geoffrey Tremont, Ph.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his evaluation of the same. Dr. Tremont's last known address is Lifespan Physician Group, Inc., 110 Lockwood St, 4th Floor, Suite 430, Providence, RI 02904, 401-444-4500.

15.    Caitlin Macaulay, Ph.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and her evaluation and treatment of the same. Dr. Macaulay's last known address is Lahey Health, One Essex Center Drive, Peabody, MA 01960, 978-538-4690.

16.    Jed Barash, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his treatment of the same. Dr. Barash's last known address is 41 Mall Road, Burlington, MA 01805, 781-744-8553.

17.    Douglas Fritz, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his treatment of the same. Dr. Fritz's last known address is Global Care Medical Group, PC, 595 Pawtucket Blvd., Lowell, MA 01854, 978-453-8261.

18.    Yuval Zabar, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his treatment of the same. Dr. Zabar's last known address is 41 Mall Road, Burlington, MA 01805, 781-744-5100.

19.    George Powers, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his treatment of the same. Dr. Powers' last known address is 1150 Reservoir Ave, Suite 201, Cranston, RI 02920, 401-943-1300.

77953980v.3

20.      Roman A, Klufas, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and his treatment of the same. Dr. Klufas' last known address is Open MRI of NE Brunswick, 335 Centerville Rd., Warwick, RI 02886, 401-732-3205.

21.      Alison Hayward, M.D., may have knowledge of facts related to Plaintiff's alleged medical conditions and her treatment of the same. Dr. Hayward's last known address is Rhode Island Hospital, 593 Eddy St., Providence, RI 02903, 401-444-5175.

22.      Treating physicians and other clinical providers at Department of Corrections/ Moran Medium Security/MD1 Medical Clinic may have knowledge of facts related to Plaintiff's alleged medical conditions and their treatment of the same. Their last known address is 51 West Road, Cranston, RI 02920.

23.      Treating physicians at Lahey Hospital and Medical Center may have knowledge of facts related to Plaintiff's alleged medical conditions and their treatment of the same. Their last known address is 41 Mall Road, Burlington, MA 01805, 781-744-5100.

24.      Treating physicians at Rhode Island Hospital may have knowledge of facts related to Plaintiff's alleged medical conditions and their treatment of the same. Their last known address is 593 Eddy St., Providence, RI 02903, 401-444-5175.

25.      Treating physicians and other clinical providers at Open MRI of New England may have knowledge of facts related to Plaintiff's alleged medical conditions and their treatment of the same. Their last known address is 525 Broad Street, Cumberland, RI  02864, 401-725-6736.

26.      Employees of Affinity Insurance Services, Inc. and its business division Aon Insurance Services may have knowledge of facts related to Plaintiff's enrollment for coverage under Group Policy GZ-14273 and its administration of the Policy on behalf of the American Institute of Certified Public Accountants Insurance Trust.

27.      Deborah L. Smith, Plaintiff's wife, may have knowledge of facts related to Plaintiff's alleged impairments, medical treatment, work activities, and income. Ms. Smith's last known address is 210 Pheasant Run, Saunderstown, RI 02874, 401-741-5006.

The Prudential employees listed above may be contacted only through Prudential's

counsel.

In addition to the individuals listed above, any individuals identified in materials

exchanged during discovery may have discoverable information as to the subjects referenced in

those materials. Investigation continues.

B.      **Relevant Documents**

4

77953980v.3

Without waiving any objections to the production of the following documents, including objections based on any privilege, Prudential identifies the following categories of documents it may use to support its defenses (other than solely for impeachment).

**Documents**

1.      The claim file for Plaintiff's claim for Long-Term Disability Benefits under Group Policy GZ-14273;

2.      The Insurance Booklet applicable to Plaintiff that was issued under Group Contract GZ-14273;

3.      Plaintiff's medical records, in the possession of his providers or Plaintiff himself;

4.      Plaintiff's employment records, in the possession of himself or his employer(s).'

5.      Plaintiff's tax returns and other documents showing his earnings;

6.      Plaintiff's criminal, arrest and/or police records

7.      Plaintiff's prison records;

8.      Any documents exchanged in discovery; and

9.      Any documents identified in Plaintiff's Rule 26(a)(1) initial disclosures.

**C.      Damages**

Prudential is not seeking damages at this time. Prudential reserves the right to seek its costs and/or reasonable attorney's fees consistent with the Federal Rules of Civil Procedure and applicable law in the event it prevails. Investigation continues.

**D.      Insurance Agreements**

Prudential does not maintain an insurance policy that may be used to satisfy part or all of a judgment which may be entered in this action, or to indemnify or reimburse Prudential for payments made to satisfy the judgment.

5

DATED: December 29, 2021

Respectfully submitted,

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

By:*/s/ Michael E. Jusczyk*

Michael E. Jusczyk
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA  02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

By:  */s/Shelley R. Hebert*

Ian H. Morrison (*pro hac vice*)
imorrison@seyfarth.com
Shelley R. Hebert (*pro hac vice*)
shebert@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Site 8000
Chicago, IL 60606
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing Defendant's Initial Disclosures to be served upon the following via electronic mail and U.S. Mail on this 29th day of December, 2021.

*/s/ Michael E. Jusczyk*
Michael E. Jusczyk

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN SMITH,                                :

        Plaintiff,                       :

                                        :

v.                                          :        Case 1:21-cv-00121-MSM-LDA

                                        :

PRUDENTIAL INSURANCE COMPANY               :
OF AMERICA,                                 :

        Defendant.                       :

                                        :

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), by and through its attorneys, pursuant to Fed. R. Civ. P. 26 and 34, and for its response to Plaintiff Brian Smith's ("Plaintiff") Request for Production of Documents, states as follows:

### PRELIMINARY STATEMENT

The following responses and objections are based only upon the facts, documents and information presently known and available to Prudential. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts, information or documents, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Prudential's right to produce evidence of any subsequently-discovered facts, information or documents. Prudential reserves its right to change any and all responses herein, as applicable, should additional facts be ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The responses below are made in good faith, but shall not prejudice Prudential in relation to further discovery, research, or analysis, as

applicable. The fact that Prudential responded to all or part of any Request to Produce is not intended as, and should not be construed as, a waiver of all or any part of any objection to any Request to Produce made herein, nor an admission of any fact stated or assumed in the Request to Produce.

Prudential submits these responses subject to:

a.    Any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or of any documents identified in response to the Requests to Produce;

b.    The right to object to other discovery procedures involving or relating to the subject matter of the responses given and documents identified in response to the Request to Produce; and

c.    The right to revise, correct, supplement, or clarify any of the responses herein at any time, including at trial.

**REQUEST NO. 1:**

Documents containing information supporting your denial of the claims of plaintiff.

**RESPONSE:**

Prudential objects that this Request is overly broad and unduly burdensome in that it is not limited in time or scope. From November 2015 through August 2019, Prudential reviewed and terminated Plaintiff's claim. Prudential objects to this Request to the extent it seeks documents beyond the 2015-2019 time period, as such documents would not be relevant to Prudential's claim decision at issue in this case. Prudential further objects to this Request to the extent it seeks confidential trade and business data or other non-public, proprietary, or confidential documents or information protected from disclosure by applicable law. Prudential objects to this Request to the extent it seeks information protected from disclosure by the

2

Plaintiff to claim file and policy documents, bates labeled PRU 077212-002759-000001 through - 001206. Prudential is not withholding documents on the basis of its objections.

REQUEST NO. 4:

Documents containing information supporting and documents identifying persons who have information supporting your Affirmative Defense and Additional Defenses Number 8.

RESPONSE:

Prudential objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Request to the extent that it seeks documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its defenses and identified persons who have information supporting its defenses, including Defense No. 8, on December 29, 2021 and refers Plaintiff to Prudential's initial disclosures and to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through - 001206. Prudential is not withholding documents on the basis of its objections.

REQUEST NO. 5:

Documents, including but not limited to manuals, booklets, books, leaflets, and memoranda, instructing, explaining, directing and/or setting forth for defendant's (a) disability claims specialists, (b) disability claims managers, (c) claims managers, (d) Complex Sr. Appeals Specialists and (e) disability claims appeals managers who were involved in the claim review concerning Mr. Smith, the manner in which they were to perform their duties, tasks, responsibilities and/or assignments.

RESPONSE:

Prudential objects to this Request because the terms and phrases "leaflets," "directing," "setting forth," "involved," "duties," "tasks," "responsibilities," and "assignments" are vague and ambiguous as used in this Request, and the information sought is not described with

5

## CERTIFICATE OF SERVICE

I hereby declare that on this 24th day of January, 2021, I caused a copy of *Defendant's Response to Plaintiff's Request for Production of Documents* to be served via U.S. Mail and e-mail to all counsel of record.

/s/ Michael E. Jusczyk
Michael E. Jusczyk

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN SMITH,

   Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

   Defendant.

Case 1:21-cv-00121-MSM-LDA

## DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S INTERROGATORIES

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (incorrectly sued as "Prudential Insurance Company of America") ("Prudential" or "Defendant"), pursuant to Fed. R. Civ. P. 26 and 33, and for its first supplemental response to Plaintiff Brian Smith's ("Plaintiff") Interrogatories, states as follows:

## PRELIMINARY STATEMENT

The following answers and objections are based upon the facts, documents and information presently known and available to Prudential. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts or information, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Prudential's right to produce evidence of any subsequently discovered facts or information. Prudential reserves its right to change any and all answers herein, as applicable, should additional facts be ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The answers below are made in good faith, but should in no

way be to the prejudice of Prudential in relation to further discovery, research, or analysis, as applicable. Prudential submits these answers subject to:

a.    Any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or of any documents identified in response to the Interrogatories;

b.    The right to object to other discovery procedures involving or relating to the subject matter of the responses given and documents identified in response to the Interrogatories, particularly to the extent that such responses and documents exceed those contained in the claim file and policy documents; and

c.    The right to revise, correct, supplement, or clarify any of the responses herein at any time, including at trial.

## INTERROGATORY NO. 1:

State the facts supporting your denial of the claims of plaintiff and identify the persons having information and documents containing information supporting your denial.

## SUPPLEMENTAL ANSWER:

Prudential objects that this Interrogatory is overly broad and unduly burdensome in that it seeks the identification of any "persons having information and documents containing information" and is not limited in time or scope. Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine.  Specifically, this Interrogatory requests the disclosure of the mental impressions and strategy of counsel in asking for a disclosure of all facts supporting the denial of Plaintiff's claim. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

84308480v.5

Subject to and without waiving its objections, Prudential refers Plaintiff to the documents bates labeled PRU 077212-002759-000553 through -000555, -000561 through -000570, -000804 through -000806, -000809 through -000817, -001118 through -001123, and -001125 through -001127, produced on December 29, 2021, which are the SOAP Notes and termination and appeal decision letters detailing the factual bases for Prudential's decision. Prudential states that the following persons have information supporting Prudential's termination of Plaintiff's LTD claim: Kelly Crocker, Disability Claims Analyst; Kevin Carder, Appeals Specialist; Joseph Walles, Complex Senior Appeals Specialist; Stephen Dube, Director, Research Services; and Jennifer Danforth, Manager, Disability Claims. Prudential states further that, as documented in the claim file, the evidence it gathered in connection with Plaintiffs' claim was insufficient to establish that Plaintiff had any impairments that prevented him from performing the duties of his occupation and thus he was no longer entitled to LTD benefits under the terms of the applicable LTD policy. Investigation continues.

**ANSWER:**

Prudential objects that this Interrogatory is overly broad and unduly burdensome in that it seeks the identification of any "persons having information and documents containing information" and is not limited in time or scope. Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Specifically, this Interrogatory requests the disclosure of the mental impressions and strategy of counsel in asking for a disclosure of all facts supporting the denial of Plaintiff's claim. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its termination of Plaintiff's LTD claim on December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206, and specifically to the documents bates labeled PRU 077212-002759-000553 through -000555, -000561 through -000570, -000804 through -000806, -000809 through -000817, -001118 through -001123, and -001125 through -001127. Prudential states that the following persons have information supporting Prudential's termination of Plaintiff's LTD claim: Kelly Crocker, Disability Claims Analyst; Kevin Carder, Appeals Specialist; Joseph Walles, Complex Senior Appeals Specialist; Stephen Dube, Director, Research Services; and Jennifer Danforth, Manager, Disability Claims. Prudential states further that, as documented in the claim file, the evidence it gathered in connection with Plaintiffs' claim was insufficient to establish that Plaintiff had any impairments that prevented him from performing the duties of his occupation and thus he was no longer entitled to LTD benefits under the terms of the applicable LTD policy. Investigation continues.

## INTERROGATORY NO. 2:

State the facts supporting your denials of the below listed paragraphs of the Amended Complaint and identify persons having information and documents containing information supporting your denials:

(a)    ¶ 15;

(b)    ¶ 45;

(c)    ¶ 84;

(d)    ¶ 88;

(e)    ¶ 91;

(f)    ¶ 108;

(g)    ¶ 110;

December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. *See* Declarations of Angela Hoffer and Beth Tang Sing. Answering further, Prudential refers Plaintiff to Dr. Tremont's reports at PRU 077212-002759-000339 through -000344 and PRU 077212-002759-000964 through -000968. Prudential also states that Dr. Tremont conducted his own neuropsychological examination of Plaintiff and did not express an opinion regarding the correctness of Dr. Macaulay's opinion. Answering further, Prudential states that it cannot state any additional facts supporting its denial without disclosing the mental impressions and strategy of counsel. Investigation continues.

**ANSWER:**

Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Specifically, this interrogatory requests the disclosure of the mental impressions and strategy of counsel in asking for a disclosure of all facts supporting the denial of Plaintiff's allegations. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents it referred to and relied on in answering Plaintiff's Amended Complaint on December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. Investigation continues.

**INTERROGATORY NO. 11 [Plaintiff's Interrogatory No. 3]**

State the facts supporting your Affirmative Defenses and Additional Defenses Number 8 and identify the persons having information and documents containing information supporting that defense.

### SUPPLEMENTAL ANSWER:

Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its defenses and identified persons who have information supporting its defenses, including Defense No. 8, on December 29, 2021 and refers Plaintiff to Prudential's initial disclosures and to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. *See* Declarations of Angela Hoffer and Beth Tang Sing. Prudential states further that Plaintiff's breach of contract claim is barred by the terms, conditions, and obligations of the applicable LTD policy because the information does not support that Plaintiff had any impairments that prevented him from performing the duties of his occupation, and because Plaintiff's claims are untimely under the applicable LTD policy's three-year limitations provision as Prudential has explained in its prior briefs to the Court.

### ANSWER:

Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its defenses and identified persons who have information supporting its defenses, including Defense No. 8, on December 29, 2021 and refers Plaintiff to Prudential's initial disclosures and to the claim file and policy documents,

84308480v.5

18

bates labeled PRU 077212-002759-000001 through -001206. Prudential states further that Plaintiff's breach of contract claim is barred by the terms, conditions, and obligations of the applicable LTD policy because the information does not support that Plaintiff had any impairments that prevented him from performing the duties of his occupation, and because Plaintiff's claims are untimely under the applicable LTD policy's three-year limitations provision as Prudential has explained in its prior briefs to the Court.

19

As to Objections,

By:/s/ Sara E. Sweeney

Sara E. Sweeney, Bar No. 7841
ssweeney@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:     (617) 946-4801


By:  /s/Shelley R. Hebert

Ian H. Morrison (*pro hac vice*)
imorrison@seyfarth.com
Shelley R. Hebert (*pro hac vice*)
shebert@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Site 8000
Chicago, IL 60606
Telephone:    (312) 460-5000
Facsimile:     (312) 460-7000

Dated:  July 14, 2022

21

## CERTIFICATE OF SERVICE

I hereby declare that on this 14th day of July, 2022, I caused a copy of *Defendant's First Supplemental Response to Plaintiff's Interrogatories* to be served via U.S. Mail and e-mail to all counsel of record.

*/s/ Sara E. Sweeney*
Sara E. Sweeney

EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN SMITH,

        Plaintiff,

v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Defendant.

Case 1:21-cv-00121-MSM-LDA

## DEFENDANT'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (incorrectly sued as "Prudential Insurance Company of America") ("Prudential" or "Defendant"), pursuant to Fed. R. Civ. P. 26 and 33, and for its response to Plaintiff Brian Smith's ("Plaintiff") Interrogatories, states as follows:

## PRELIMINARY STATEMENT

The following answers and objections are based upon the facts, documents and information presently known and available to Prudential. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts or information, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Prudential's right to produce evidence of any subsequently discovered facts or information. Prudential reserves its right to change any and all answers herein, as applicable, should additional facts be ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The answers below are made in good faith, but should in no way be to the prejudice of Prudential in relation to further discovery, research, or analysis, as applicable. Prudential submits these answers subject to:

81229659v.5

5.      Prudential objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, or oppressive in scope.

6.      Prudential generally objects to each Interrogatory insofar as it seeks information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges.

7.      Prudential objects to each Interrogatory to the extent it seeks confidential trade and business data or other non-public, proprietary, or confidential documents or information protected from disclosure by applicable law. Such information, to the extent it is properly subject to discovery, will be produced only following the entry of an appropriate and mutually-agreeable protective order.

8.      Prudential generally objects to each Interrogatory to the extent it seeks confidential information of current or former employees of Prudential in this matter on the ground that providing such information would invade the legally protected rights of employees, including but not limited to their right of privacy.

Each of the above General Objections applies to and is hereby incorporated by reference in each response to each of the following specific Interrogatories. Subject to the foregoing reservations and objections, and without waiver thereof, Prudential further responds to Plaintiff's Interrogatories as follows:

<u>INTERROGATORY NO. 1:</u>

State the facts supporting your denial of the claims of plaintiff and identify the persons having information and documents containing information supporting your denial.

<u>ANSWER:</u>

Prudential objects that this Interrogatory is overly broad and unduly burdensome in that it seeks the identification of any "persons having information and documents containing

3

81229659v.5

information" and is not limited in time or scope. Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Specifically, this Interrogatory requests the disclosure of the mental impressions and strategy of counsel in asking for a disclosure of all facts supporting the denial of Plaintiff's claim. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its termination of Plaintiff's LTD claim on December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206, and specifically to the documents bates labeled PRU 077212-002759-000553 through -000555, -000561 through -000570, -000804 through -000806, -000809 through -000817, -001118 through -001123, and -001125 through -001127. Prudential states that the following persons have information supporting Prudential's termination of Plaintiff's LTD claim: Kelly Crocker, Disability Claims Analyst; Kevin Carder, Appeals Specialist; Joseph Walles, Complex Senior Appeals Specialist; Stephen Dube, Director, Research Services; and Jennifer Danforth, Manager, Disability Claims. Prudential states further that, as documented in the claim file, the evidence it gathered in connection with Plaintiffs' claim was insufficient to establish that Plaintiff had any impairments that prevented him from performing the duties of his occupation and thus he was no longer entitled to LTD benefits under the terms of the applicable LTD policy. Investigation continues.

**INTERROGATORY NO. 2:**

State the facts supporting your denials of the below listed paragraphs of the Amended Complaint and identify persons having information and documents containing information supporting your denials:

(a)      ¶ 15;

4

81229659v.5

further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents it referred to and relied on in answering Plaintiff's Amended Complaint on December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. Investigation continues.

### INTERROGATORY NO. 11 [Plaintiff's Interrogatory No. 3]

State the facts supporting your Affirmative Defenses and Additional Defenses Number 8 and identify the persons having information and documents containing information supporting that defense.

### ANSWER:

Prudential objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Interrogatory to the extent that it seeks information regarding documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its defenses and identified persons who have information supporting its defenses, including Defense No. 8, on December 29, 2021 and refers Plaintiff to Prudential's initial disclosures and to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. Prudential states further that Plaintiff's breach of contract claim is barred by the terms, conditions, and obligations of the applicable LTD policy because the information does not support that Plaintiff had any impairments that prevented him from performing the duties of his occupation, and because Plaintiff's claims are untimely under the applicable LTD policy's three-year limitations provision as Prudential has explained in its prior briefs to the Court.

11

81229659v.5

## CERTIFICATE OF SERVICE

I hereby declare that on this 4th day of May, 2022, I caused a copy of ***Defendant's***

***Response to Plaintiff's Interrogatories*** to be served via U.S. Mail and e-mail to all counsel of

record.

_/s/ Sara E. Sweeney_
Sara E. Sweeney

81229659v.5

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN SMITH,                          :

       Plaintiff,                 :

                    :

v.                                    :    Case 1:21-cv-00121-MSM-LDA

PRUDENTIAL INSURANCE COMPANY          :
OF AMERICA,                           :

       Defendant.                 :

                    :

## DEFENDANT'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), by and through its attorneys, pursuant to Fed. R. Civ. P. 26 and 34, and for its first supplemental response to Plaintiff Brian Smith's ("Plaintiff") Request for Production of Documents, states as follows:

### PRELIMINARY STATEMENT

The following supplemental responses and objections are based only upon the facts, documents and information presently known and available to Prudential. Discovery, investigation, and analysis are ongoing and may reveal the existence of additional facts, information or documents, add meaning to known facts, and establish entirely new factual conclusions or legal contentions, or possibly lead to additional, variations or changes to these responses, which are given without prejudice to Prudential's right to produce evidence of any subsequently-discovered facts, information or documents. Prudential reserves its right to change any and all responses herein, as applicable, should additional facts be ascertained, analyses be made, legal research be conducted, further allegations raised, or further discovery ordered. The supplemental responses below are made in good faith, but shall not prejudice Prudential in

relation to further discovery, research, or analysis, as applicable. The fact that Prudential responded to all or part of any Request to Produce is not intended as, and should not be construed as, a waiver of all or any part of any objection to any Request to Produce made herein, nor an admission of any fact stated or assumed in the Request to Produce.

Prudential submits these responses subject to:

a.    Any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or of any documents identified in response to the Requests to Produce;

b.    The right to object to other discovery procedures involving or relating to the subject matter of the responses given and documents identified in response to the Request to Produce; and

c.    The right to revise, correct, supplement, or clarify any of the responses herein at any time, including at trial.

## REQUEST NO. 1:

Documents containing information supporting your denial of the claims of plaintiff.

## SUPPLEMENTAL RESPONSE

Pursuant to Prudential's continued investigation of this matter, Prudential produced email communications between Prudential employees involving or relating to Plaintiff's LTD claim on May 5, 2022. (*See* PRU 077212-002759-001213 through -001506).

## RESPONSE:

Prudential objects that this Request is overly broad and unduly burdensome in that it is not limited in time or scope. From November 2015 through August 2019, Prudential reviewed and terminated Plaintiff's claim. Prudential objects to this Request to the extent it seeks documents beyond the 2015-2019 time period, as such documents would not be relevant to

84422484v.2

Prudential's claim decision at issue in this case. Prudential further objects to this Request to the extent it seeks confidential trade and business data or other non-public, proprietary, or confidential documents or information protected from disclosure by applicable law. Prudential objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Request to the extent that it seeks documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents that it currently possesses that support its termination of Plaintiff's LTD claim on December 29, 2021 and refers Plaintiff to the claim file and policy documents, bates labeled PRU 077212-002759-000001 through -001206. Prudential is not withholding documents on the basis of its objections. Investigation continues.

**REQUEST NO. 2:**

Documents supporting your denials in the below listed paragraphs of the Amended Complaint.

(a)    5;

(b)    15:

(c)    19;

(d)    25;

(e)    45;

(f)    84;

(g)    88;

(h)    91;

(i)    108;

(j)    110;

(k)    123;

Pursuant to Prudential's continued investigation of this matter, Prudential produced email communications between Prudential employees involving or relating to Plaintiff's LTD claim on May 5, 2022. (*See* PRU 077212-002759-001213 through -001506).

**RESPONSE:**

Prudential objects that this Request is unduly burdensome in that it lists fourteen paragraphs from the Answer, each dealing with separate issues, in one Request. Prudential objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential further objects to this Request to the extent that it seeks documents not in Prudential's possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-privileged documents it referred to or relied on in answering Plaintiff's Amended Complaint and in identifying the persons listed in its initial disclosures served on December 29, 2021 and refers Plaintiff to claim file and policy documents, bates labeled PRU 077212-002759-000001 through - 001206. Prudential is not withholding documents on the basis of its objections.

**REQUEST NO. 4:**

Documents containing information supporting and documents identifying persons who have information supporting your Affirmative Defense and Additional Defenses Number 8.

**SUPPLEMENTAL RESPONSE**

Pursuant to Prudential's continued investigation of this matter, Prudential produced email communications between Prudential employees involving or relating to Plaintiff's LTD claim on May 5, 2022. (*See* PRU 077212-002759-001213 through -001506).

**RESPONSE:**

Prudential objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. Prudential

84422484v.2

further objects to this Request to the extent that it seeks documents not in Prudential's

possession, custody, or control.

Subject to and without waiving its objections, Prudential states that it produced all non-

privileged documents that it currently possesses that support its defenses and identified persons

who have information supporting its defenses, including Defense No. 8, on December 29, 2021

and refers Plaintiff to Prudential's initial disclosures and to the claim file and policy documents,

bates labeled PRU 077212-002759-000001 through - 001206. Prudential is not withholding

documents on the basis of its objections.

### REQUEST NO. 5:

Documents, including but not limited to manuals, booklets, books, leaflets, and
memoranda, instructing, explaining, directing and/or setting forth for defendant's (a) disability
claims specialists, (b) disability claims managers, (c) claims managers, (d) Complex Sr. Appeals
Specialists and (e) disability claims appeals managers who were involved in the claim review
concerning Mr. Smith, the manner in which they were to perform their duties, tasks,
responsibilities and/or assignments.

### SUPPLEMENTAL RESPONSE

Subject to the Protective Order and Confidentiality Agreement entered by the Court on

March 24, 2022, Prudential refers Plaintiff to the documents bates labeled PRU 077212-002759-

001507 through -001629.

### RESPONSE:

Prudential objects to this Request because the terms and phrases "leaflets," "directing,"

"setting forth," "involved," "duties," "tasks," "responsibilities," and "assignments" are vague

and ambiguous as used in this Request, and the information sought is not described with

reasonable particularity. Prudential objects to this Request as not relevant to any party's claim or

defense or proportional to the needs of the case in that the documents Plaintiff seeks would not

make it more or less likely that Plaintiff would qualify for the benefits sought. Prudential objects

6

## CERTIFICATE OF SERVICE

I hereby declare that on this 29th day of June, 2021, I caused a copy of *Defendant's*

*Supplemental Response to Plaintiff's Request for Production of Documents* to be served via

U.S. Mail and e-mail to all counsel of record.

*/s/ Sara E. Sweeney*
Sara E. Sweeney

# EXHIBIT G



PruLibrary Home    Enabling Solutions        ISG Individual Life Insurance

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

ISG Pru Advisors        ISG Pru Annuities        PGIM        WSG

## GI Claims STD LTD Appeals Process

☆ ☆ ☆ ☆ ☆ |0

**Applies To: WSG Group Insurance**

GI Claims STD, ABS and LTD Operations  >  Specialty Team References  >  GI Claims STD LTD Appeals Process

Search...

| OVERVIEW | |
|---|---|
| **Purpose:** | • To comply with ERISA requirements that employee benefit plans establish and maintain specific procedures by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to the appropriate named fiduciary under which a full and fair review of the claim and its denial may be obtained.<br>• To assure proper documentation of the appeals process for Short Term Disability and Long Term Disability claims. |
| **Scope** | Applies to Short Term Disability and Long Term Disability claims processed in the Disability Management Services (DMS) Claim Division where an initial adverse decision was rendered on or after January 1, 2005. Does not supersede state mandated appeals procedures. |
| **Policy** | The Employee Retirement Income Security Act of 1974 (ERISA), and the regulations issued thereunder (including the revised claims procedures regulations effective January 1, 2002), provide for the establishment of certain claim procedures for employee benefit plans, including procedures for claim denials and for a review of denied claims. ERISA requires that employee benefit plans must establish and maintain specific procedures by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to the appropriate named fiduciary under which a full and fair review of the claim and its denial may be obtained. Although not all of our plans are governed by ERISA, we have recognized that compliance with ERISA guidelines on all plans is consistent with Prudential's group claim philosophy. We will therefore apply these appeals procedures to both ERISA controlled cases, and to non-ERISA cases. (Refer to Exceptions section, below, for a discussion of situations where state mandated appeals procedures apply, and for ASO cases where Prudential is not the claim fiduciary.) |
| **Applies to (coverage):** | STD LTD |
| **Monitoring** | • The DMS management team and Team leaders in charge of each claim unit, monitor staff compliance with these procedures.<br>• The Division Quality Review program monitors a high percentage of claim denials and terminations and assures that the appeals process is properly explained to claimants in denial and termination letters. |
| **Distribution** | The Disability Management Services Compliance area is responsible for maintaining and distributing these procedures. |
| **Training** | An explanation of the claims appeals process is provided to new Disability Claim Managers during the formal new hire training program. Copies of memos describing the appeals process are available to all Disability Claim Managers. |
| **Definitions** | • **ERISA:** The Employee Retirement Income Security Act of 1974, and the regulations issued thereunder, is a significant Federal law that provides controls over most employee benefit plans including group life, health and disability income plans, as well as pension plans. ERISA applies to most of our insured and ASO disability plans where the benefit program was established by an employer. Generally, the only plans not covered by ERISA are ones where there is no employer - |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

PruLibrary Home    Customer Office    Enabling Solutions    ISG Individual Life Insurance    ISG Pru Advisors    ISG Pru Annuities

# GI Claims STD LTD Appeals Process

✩ ✩ ✩ ✩ ✩ | 0

**Applies To: WSG Group Insurance**

GI Claims STD, ABS and LTD Operations  >  Specialty Team References  >  GI Claims STD LTD Appeals Process

Search...    🔍

## GI Claims STD LTD Appeals Process

| | |
|---|---|
| Owner | Scott Hall |
| Contact | Andrea Degroot |
| Next Scheduled Review Date: | 10/1/2018 |
| Applies to (coverage): | STD LTD |
| Purpose: | · To comply with ERISA requirements that employee benefit plans establish and maintain specific procedures by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to the appropriate named fiduciary under which a full and fair review of the claim and its denial may be obtained.<br>· To assure proper documentation of the appeals process for Short Term Disability and Long Term Disability claims. |
| Scope: | |
| | Applies to Short Term Disability and Long Term Disability claims processed in the Disability Management Services (DMS) Claim Division where an initial adverse decision was rendered on or after January 1, 2005. Does not supersede state mandated appeals procedures. |
| Policy: | |
| | The Employee Retirement Income Security Act of 1974 (ERISA), and the regulations issued thereunder (including the revised claims procedures regulations effective January 1, 2002), provide for the establishment of certain claim procedures for employee benefit plans, including procedures for claim denials and for a review of denied claims. ERISA requires that employee benefit plans must establish and maintain specific procedures by which a claimant or his duly authorized representative has a reasonable opportunity to appeal a denied claim to the appropriate named fiduciary under which a full and fair review of the claim and its denial may be obtained. Although not all of our plans are governed by ERISA, we have recognized that compliance with ERISA guidelines on all plans is consistent with Prudential's group claim philosophy. We will therefore apply these appeals procedures to both ERISA controlled cases, and to non-ERISA cases. (Refer to Exceptions section, below, for a discussion of situations where state mandated appeals procedures apply, and for ASO cases where Prudential is not the claim fiduciary.) |
| Contents: | |
| | This memo contains the following information:<br><br>· Discussion of all required monitoring<br>· Information regarding distribution of the policy<br>· Training information<br>· Definitions section<br>· Outline of the appeals process that applies to denied and terminated Short Term Disability and Long Term Disability claims |
| Monitoring: | |

PRU 077212-002759-001542

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



· The DMS management team and Team leaders in charge of each claim unit, monitor staff compliance with these procedures.
· The Division Quality Review program monitors a high percentage of claim denials and terminations and assures that the appeals process is properly explained to claimants in denial and termination letters.

**Distribution:**

The Disability Management Services Compliance area is responsible for maintaining and distributing these procedures.

**Training:**

An explanation of the claims appeals process is provided to new Disability Claim Managers during the formal new hire training program. Copies of memos describing the appeals process are available to all Disability Claim Managers.

**Definitions:**

**ERISA:** The Employee Retirement Income Security Act of 1974, and the regulations issued thereunder, is a significant Federal law that provides controls over most employee benefit plans including group life, health and disability income plans, as well as pension plans. ERISA applies to most of our insured and ASO disability plans where the benefit program was established by an employer. Generally, the only plans not covered by ERISA are ones where there is no employer - e.g., associations, where members simply purchase coverage through the association without being employed by the association - as well as government agencies (Federal, state, county or municipal) and Church sponsored plans

**Fiduciary:** A fiduciary is a person or entity that has any discretionary authority or discretionary responsibility in the plan administration. For our purposes, the term fiduciary refers solely to the person or entity responsible for conducting reviews of terminated or denied claims.

**Exceptions:**

· Claims subject to state mandated appeals procedures. For example, certain statutory STD plans - such as New Jersey TDB, New York DBL, and California SDI - mandate specific appeals procedures that must be followed on claim denials. We will continue to follow established procedures on claims under those plans.

· For ASO plans where Prudential is not designated as the appropriate named claim fiduciary for the review of appeals, appeals should be directed to the person/entity named in the ASO Plan to review appeals.

**Short Term Disability claims appeal process for claims where an initial decision to terminate/deny benefits is made on or after January 1, 2005:**

**Initial Decision:**

In the event that a claim for Short Term Disability has been terminated or denied, the claimant is notified, in writing, of the decision, the specific reason for the decision and the information on which that decision was based. The letter will also advise the claimant of his/her right to appeal that decision and will include a description of the appeal process. This description will include the appropriate person to whom the appeal should be submitted, applicable time limits and a statement that the claimant has a right to bring a civil suit under section 502(a) of ERISA. The appeal must be filed in writing. In that appeal, the claimant may raise any issues or comments he/she wishes to be considered in the appeal, as well as providing any evidence or other documents to be considered.

**First appeal:**

The first appeal of a denied or terminated claim is directed to Prudential's Appeals Review Unit. Upon receipt of an appeal, the Appeals Review Unit will conduct a full and independent review of the information in the claim file and any new information submitted to support the appeal utilizing individuals not involved in the initial decision. No deference can be given to the initial denial. Any additional information needed to reach a decision will be obtained. The Appeals Review Unit will make a determination on the appeal within 45 days of receipt of the appeal. That period may be extended by another 45 days if Prudential determines that special circumstances require an extension of time. A written notice of the extension, the reason for the extension, and the date the Appeals Review Unit expects to render a decision will be provided to the claimant within the initial 45 day period.

The decision on the appeal will be authorized by an associate not involved in the initial adverse decision on the claim. The claimant will be notified of the decision in writing. If the claim is again denied, the claimant will be advised in writing of the specific reason for the denial and the information on which that denial was based. The letter will also advise the claimant of his/her right to

PRU 077212-002759-001543