UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| BRIAN SMITH,<br>       Plaintiff,<br><br>       v.<br><br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:21-cv-00121-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I.   INTRODUCTION

Brian Smith ("Mr. Smith") is a disabled accountant who has sued Prudential Insurance Company of America ("Prudential") for wrongfully terminating long-term disability ("LTD") benefits. He seeks $375,000 in benefits he contends were unlawfully denied him. The Policy is a group disability one, offered to members of the American Institute of Certified Public Accountants ("AICPA").[1] Mr. Smith, a

---

[1] The policy language defined the group as "[a]ll Participants who . . . (1) are members of the American Institute of Certified Public Accountants, or a qualified State Society; and (2) are less than the Limiting Age . . .; and (3) have enrolled for

1

former Certified Public Accountant ("CPA"), was at one time a member of AICPA. Prudential has filed a Limited Motion for Summary Judgment (ECF No. 31) on the sole ground that the relevant statute of limitations expired before Mr. Smith filed this action. Mr. Smith has also moved for Summary Judgment on the same limited ground. (ECF No. 39.) For the reasons described below, the Court GRANTS Prudential's Motion for Summary Judgment and denies Mr. Smith's Motion for Partial Summary Judgment.

## II. JURISDICTION

Mr. Smith claims jurisdiction on two bases: diversity jurisdiction because he is a Rhode Island resident and Prudential is a New Jersey corporation, 28 U.S.C. § 1332; and 28 U.S.C. § 1331 federal question jurisdiction under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001. As discussed below at Part IV(C), the Court finds that Mr. Smith has produced no evidence that the AICPA plan at issue is an ERISA plan and, therefore, that federal question jurisdiction is lacking. There is, however, diversity jurisdiction.

## III. BACKGROUND

Whether there is a limitations bar is a question of law unless there is a factual dispute. *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 78 (2d Cir. 2009). In this case, the factual background is of minimal significance to the issue before the Court and insofar as the statute of limitations is

---

Long Term Disability Coverage with an elimination period of 13 or 26 weeks." (ECF No. 8-2 at 6.)

concerned, there are no facts in dispute.[2]  Mr. Smith was employed as an accountant for many years, working for at least five different employers.  At the time of the onset of his disability in August 2015, he was employed by Comverse, Inc. ("Comverse").  Prudential paid disability benefits for two years until conducting a file review in 2018.  (ECF No. 40, ¶ 15.)  As a result of that review, Prudential concluded that Mr. Smith was not sufficiently impaired to collect on the Policy and it terminated benefits on May 3, 2018.  *See id.* ¶ 16.  In addition, by the time this action was filed, Mr. Smith's license as a CPA was no longer viable and his membership in the AICPA was discontinued.[3]

The limitations period contained in the Policy is three years.  (ECF No. 31-1, ¶ 26; No. 37, ¶ 26; No. 8-2, at 24.)[4]  It is calculated beginning with the onset of the disability.  (ECF No. 19, at 4 n.4.)  Prudential contends the period expired on February 24, 2020, well before the filing of the Complaint on March 12, 2021.  (ECF No. 1.)

---

[2] The parties vigorously dispute the merits of this breach of contract action.  Mr. Smith contends he is disabled because of cognitive impairments that preclude his working.  Prudential, based on a file review, disputes that condition and maintains that Mr. Smith is capable of working.

[3] Prudential raised, in its earlier Motion to Dismiss, the argument that because Mr. Smith's membership in AICPA had lapsed while he was receiving benefits, he was no longer eligible to receive them.  Prudential offered no legal support for the proposition that a disabled beneficiary had to remain an active member of the group during the entire period of benefits (as opposed to at the time eligibility for benefits was first determined) and the Court rejected that argument.  (ECF No. 19, at 8-9.)

[4] Mr. Smith denies that the limitations period is "clearly set forth" in the Policy, but he admits its substantive provisions.  (ECF No. 37, ¶26.)

The dispute here is not over the date of accrual of the claim or expiration of the limitations period but over *which* statute of limitations applies. The contenders are the policy provision or state law and, if the latter, whether New York or Rhode Island. Prudential maintains the Policy period of three years governs but, if not that, then New York state law. Mr. Smith contends that Rhode Island law applies because the Policy provision is trumped by an ERISA exception that makes it inapplicable.

## IV.   ANALYSIS

### A. The Dispute

In the ordinary course, the limitations period provided in a policy governs the dealings between the parties. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105-06 (2013). If that were the case here, Mr. Smith's action would be out of time. Mr. Smith contends, however, that an ERISA provision makes the Policy period inapplicable and defaults to state law. If he were to succeed in that argument, his second step is to persuade the Court that Rhode Island's generous ten-year statute of limitations applies, rendering his Complaint timely.

The ERISA provision at issue provides that when an insurer denies benefits, it must notify the claimant *in the denial letter*, of the right to bring a civil action *and* the date by which the action must be brought. 29 C.F.R. § 2560.503-1(g)(1)(iv). The denial letter is part of the record here and it is undisputed that it did not inform Mr. Smith of the date by which an action had to be filed. (ECF No. 10, at 23-27.) If the denial letter is defective in this way the contractual limitations period is discarded and state law controls. *Santana-Diaz v. Metro. Life Ins. Co.*, 816 F.3d 172, 178 (1st

4

Cir. 2016); *accord Stacy S. v. Boeing Co. Emp. Health Benefit Plan (Plan 626)*, 344 F. Supp. 3d 1324, 1335-36 (D. Utah 2018).

Prudential does not dispute this general principle. What it contests, however, is the applicability of ERISA at all to this Policy. It maintains that the plan covering Mr. Smith is not an ERISA plan and that, therefore, ERISA's exception to the rule that the Policy provision governs is not applicable.

B. Motion to Strike

Before reaching the merits of the statute of limitations issue, the Court must address Mr. Smith's Motion to Strike four declarations[5] and a contract between Prudential and Bank of New York Mellon, filed in support of Prudential's Motion for Summary Judgment (ECF Nos. 35, 44.) Mr. Smith complains that the declarations were untimely because the identity of the declarants and the information they possessed were not disclosed during discovery in response to a specific request for

---

[5] Kevin Morgan is Vice President of Business Development at Prudential; he averred that the premiums were paid through third-party Affinity Insurance Services, Inc., that Prudential's contract was directly with the American Institute of Certified Public Accounts (AICPA) and that Prudential had no relationship with Mr. Smith's employer, Converse. Mark Thomas is Senior Vice President of Affinity and attested that the AICPA Insurance Trust was established between AICPA and Bank New York Mellon to provide benefits *outside* the context of an employer-sponsored plan. He also asserted that employers were not involved in the administration of the Policy. Angela Hoffer, a Prudential employee, certified the authenticity of the case file including the contract between Prudential and JP Morgan Chase, as Trustee for AICPA Insurance Trust. She also asserted that Mr. Smith maintained LTD coverage during five successive employers. Finally, Beth Sing, also employed by Prudential, attested to the authenticity of the Group contract and program book. The Declarations also establish the documents to be business records. (ECF Nos. 29-2, 29-3, 31-2, 31-3.)

5

information related to the statute of limitations affirmative defense. (ECF No. 47-1, at 5, Request No. 4.) Prudential responds that the disclosure was not very late, that earlier disclosures gave sufficient hints about the identities of the declarants as to suggest depositions that should be taken, that the information is highly relevant to the Summary Judgment motion, and that Mr. Smith is not prejudiced by the lateness of the revelations. (*See generally* ECF No. 47.)

The declarations are without doubt highly relevant to the issue of whether the AICPA disability policy is an ERISA plan and, consequently, whether ERISA's denial-letter exception to the applicability of the Policy's statute of limitations applies. An ERISA plan is one established for the welfare of employees by an employer. The employer's involvement in the establishment or maintenance of the plan is crucial. *Wickman v Northwestern Nat. Ins. Co.,* 908 F.2d 1077, 1082-83 (1st Cir. 1990); *see Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc*)* (examining whether the employer paid for the plan). It must involve "the undertaking of continuing administrative and financial obligations by the employer to the behoof of employees or their beneficiaries." *Belanger v. Wyman-Gordon Co.*, 71 F.3d 451, 454 (1st Cir. 1995); *Demars v. CIGNA Corp.*, 173 F.3d 443, 447 (1st Cir. 1999) (not an ERISA plan where the employer "does not make contributions to and receives no consideration from the insurer"); *see Prudential Ins. Co. v. Thomason,* 865 F. Supp. 762, 767 (D. Utah 1994) (where employee bought the policy from AICPA on his own separate from his employment, plan was not an ERISA plan). The declarations speak directly to these criteria.

But Prudential offers no justification for the late disclosures. And, as Mr. Smith points out, even though the declarations were not disclosed until July 14, 2022, they are all dated between January and May 2022. (ECF Nos. 29-2, 29-3, 31-2, 31-3.) Why they were in Prudential's possession for up to seven months without being disclosed is unexplained. Prudential's defense to the Motion to Strike is, in essence, that the lateness does not matter because the plaintiff could have figured out the identities of the declarants and because the information is useful. That ignores both the clear language of Fed. R. Civ. P. 37(c) and the policy behind it. Rule 37(c)(1) is clear that the presumptive sanction for a failure to disclose is preclusion: "(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The "baseline" rule is that "the required sanction in the ordinary case is mandatory preclusion." *Harriman v. Hancock Cnty*, 627 F.3d 22, 29 (1st Cir. 2010). The Rule requires that the failure to disclose be "substantially justified," even if harmless. Prudential, a large company with the resources to comply with deadlines, has failed to offer any justification, much less a substantial one. If Rule 37 is to have any credibility, its presumptive sanction must be applied in circumstances such as these. Therefore, the Court GRANTS Mr. Smith's Motion to Strike. (ECF Nos. 35.)

### C. Statute of Limitations

Without the declarations that the Court has stricken, the record lacks information to support a conclusion that the plan is, or is not, an ERISA plan whose denial-letter exception would render the Policy's three-year limitations period inapplicable. Both parties were on ample notice that the record at the time of the Motion to Dismiss was insufficient upon which to rest a determination that the AICPA plan is an ERISA plan. (ECF No. 19.) For that reason, the Court postponed consideration to give the parties an opportunity to fill in the evidentiary gap.

The Statute of Limitations is an affirmative defense, and the burden of proving it rests with its proponent. *Ouellette v. Beaupre,* 977 F.3d 127, 135 (1st Cir. 2020); *Lutz v. Chesapeake Appalachia, L.L.C.,* 717 F.3d 459, 464 (6th Cir. 2013). In this case, that is Prudential. However, once the defendant has presented a prima facie case, the party seeking an exception bears the burden of proving it. *Ouellette,* 977 F.3d at 135 (applying Maine law); *Feddersen v. Garvey,* 427 F.3d 108, 112 (1st Cir. 2005) (applying New Hampshire state law in diversity case); *J. Geils Band Emp. Ben. Plan v. Smith, Barney, Shearson, Inc.,* 76 F.3d 1245, 1265 (1st Cir. 1996) (plaintiff had burden to show that the ERISA fraud exception to the statute of limitations applied); *Drazan v. United States*, 762 F.2d 56, 60 (7th Cir. 1985). That is Rhode Island law as well. *Lee v. Morin,* 469 A.2d 358, 360 (R.I. 1983) (where more than six years had elapsed, plaintiff had burden of proof to show reasonable discovery tolling of limitations period); *Kenyon v. United Elec. Rys. Co.,* 151 A. 5, 8 (R.I. 1983) (plaintiff had burden of showing exception to statute of limitations); *accord* 54 C.J.S.

*Limitations of Actions* § 427 (2022) (once the defendant makes out a prima facie case, the burden shifts to the plaintiff to show an exception).

Prudential made out a prima facie case by presenting the Policy with its three-year limitations period. It is incumbent upon Mr. Smith, who relies on the ERISA denial-letter exception, to prove that the exception applies by virtue of the plan being an ERISA plan. Mr. Smith, however, has produced no evidence at all showing that his employer at the time of his disability had created, offered, or administered the disability plan. There is no evidence at all showing that Comverse was in any way involved with the maintenance of the plan.

### D. Alternative ERISA Basis

Mr. Smith puts forth an alternative argument for applying ERISA's denial-letter exception. He argues that even if the plan is not an ERISA plan, Prudential, because of the terms of its internal manual for adjudicating claims is bound to comply with ERISA's substantive regulations. He relies on a document entitled "GI Claims Std Ltd Appeals Process." (ECF No. 39, at 32-35.) In that document, Prudential advises its employees that even when dealing with non-ERISA plans, compliance with ERISA procedures "is consistent with Prudential's group claim philosophy." *Id.* at 32. It then directs its employees to "apply these [ERISA claims] procedures to both ERISA controlled cases, and to non-ERISA cases." *Id.*

Mr. Smith maintains that Prudential's compliance with ERISA is made mandatory by its internal policies. Presumably, that voluntary/mandatory compliance would be double-barreled: it would (a) require that denial letters include

9

the date by which an action must be filed; and (b) it would invalidate the Policy statute of limitations in favor of state law when the denial letter was defective.

Mr. Smith cites no law, however, for the proposition that Prudential is bound to treat him in accordance with its internal policies, absent at least some incorporation of those guidelines into the Policy or other binding contract between them. Mr. Smith simply asserts that Prudential "admits" in its internal manual "that ERISA governs Mr. Smith's disability claim" and "that there is no question that under ERISA, the three (3) year contractual limitations period provision in the Policy is ineffective." (ECF No. 39, at 5.) The language in the Manual, however, is not an "admission" that ERISA controls this case. It is, instead, a policy statement gratuitously affording ERISA procedural benefits to claims where Prudential is under no legal obligation to do so. At least in the absence of some support in law proffered by Mr. Smith, the Court cannot enforce those voluntary guidelines against Prudential in favor of Mr. Smith. The Manual provides no alternative basis for applying ERISA's denial-letter exception to the Policy statute of limitations.

## V.  CONCLUSION

There is no evidence before the Court from which it could conclude that the AICPA disability plan is an ERISA plan. Therefore, the Court cannot as a matter of law apply the denial-letter exception to the limitations period clearly stated in the Policy. For that reason, the Court holds that the lawsuit was filed too late. Consequently, the Court GRANTS Prudential's Limited Motion for Summary

Judgment (ECF No. 31) and DENIES Mr. Smith's Motion for Partial Summary Judgment. (ECF No. 39.)

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: January 23, 2023